THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charles B. Gee 
 d/b/a CAPS Funding,       
 Respondent,
 
 
 

v.

 
 
 
Norman Pearley Drakeford d/b/a DraTec Communications Services, Joan
Drakeford, 
 Government Telecommunications, Inc. and Philip Van Poole
d/b/a JesCom Corporation,        Defendants,
Of whom Government Telecommunications, Inc. is       
Appellant.
 
 
 

Appeal From Richland County
Thomas W. Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-268
Submitted April 7, 2003  Filed April 
 15, 2003

AFFIRMED

 
 
 
Edward D. Sullivan, of Columbia, for Respondent.
R. Hawthorne Barrett, of Columbia, for Appellant.
 
 
 

PER CURIAM:  Affirmed pursuant to Rule 220(b)(2), 
 SCACR, and the following authorities: Osborne v. Adams, 346 S.C. 4, 7, 
 550 S.E.2d 319, 321 (2001) (holding summary judgment is appropriate when no 
 genuine issue of material fact exists and the moving party is entitled to judgment 
 as a matter of law); 5 S.C. Jur. Assignments § 13 (1991) (stating non-personal 
 [d]ebt under a contract . . . is generally assignable); S.C. Code Ann. § 36‑9‑318(3) 
 (Supp. 2000) (stating an assignment of payments must be reasonable); 6 Am. Jur. 
 2d Assignments § 138 (1999) (stating [n]o special form of notice of 
 an assignment . . . is required; any notice is adequate . . . if it reaches 
 the person to be notified in such a manner and under such circumstances that 
 a reasonable person would regard it as notice and be guided accordingly); S.C. 
 Code Ann. § 36-9-318 cmt. 5 (stating [w]hat is reasonable is not left to 
 the arbitrary decision of the account debtor); cf. Adams v. G.J. Creel 
 & Sons, Inc., 320 S.C. 274, 279, 465 S.E.2d 84, 86 (1995) (holding [a]lthough 
 the question of reasonableness is generally a question for the jury, [the plaintiff] 
 failed to sustain the initial burden of setting forth sufficient facts to establish 
 a jury question[,] and thus, a directed verdict in favor of the defendant was 
 appropriate).
AFFIRMED.[1]
STILWELL, HOWARD, JJ., and STROM, Acting Judge, 
 concur.

 
 [1] 
 Because oral argument would not aid the Court in resolving any issue on appeal, 
 we decide this case without oral argument pursuant to Rule 215, SCACR.